UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., | § § § | |
| *Plaintiff/Counter-Defendant,* | § § | Case No.: H-07-02392 |
| v. | § § | Judge Kenneth M. Hoyt |
| MAERSK DRILLING USA, INC., | § § § | |
| *Defendant/Counter-Plaintiff.* | § § § | |

**AMENDED FINAL JUDGMENT**

In accordance with the jury verdict in the above-captioned case, the Court hereby ORDERS, ADJUDGES, and DECREES that the plaintiff Transocean Deepwater Drilling Inc. ("Transocean") shall recover from the defendant Maersk Drilling USA, Inc. ("Maersk"):

1. $15,000,000 in damages;

2. $526,439 in prejudgment interest;

3. Transocean's taxable costs in an amount to be determined by this Court at a later time;

4. Postjudgment interest at a rate of 0.17% per annum, compounded annually, on the amounts above commencing March 1, 2013, until paid.

Prejudgment interest is calculated based on the application of the three-month U.S. Treasury Bill Rate, compounded quarterly, for the period beginning

with the filing of Transocean's Complaint on July 24, 2007 and ending with the issuance of the mandate by the Federal Circuit on February 28, 2013.

Delay instituted by a patentee to the detriment of an accused infringer may comprise grounds for denying prejudgment interest. *See Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1362 (Fed. Cir. 2001) (denying prejudgment interest); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1546 (Fed. Cir. 1991). Prejudgment interest may be limited, or even denied altogether, "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).

Transocean did not put Maersk on notice that Maersk's execution of the Statoil Contract was an infringing activity until July 24, 2007 when Transocean filed its Complaint in the above captioned case. The letters sent by Transocean to Maersk prior to filing suit alleged only that the manufacture of a rig in Singapore and operation of rigs in countries where Transocean had patent rights constituted infringing acts. Transocean delayed in presenting its allegation that the Statoil Contract itself was an infringing act until July 24, 2007 when Transocean filed its Complaint. Transocean's delay worked to the detriment of Maersk by allowing interest to accrue for nearly a year without any notice to Maersk. Accordingly, prejudgment interest is denied for the period prior to Transocean's filing of the Complaint.

Transocean's delay in seeking entry of final judgment warrants reduction in the amount of interest accruing after February 28, 2013. Pursuant to Fed. R. App. P. 41(b), Transocean was aware on February 21, 2013 when the Federal Circuit denied Maersk's Combined Petition for Panel Rehearing and Rehearing En Banc that the Federal Circuit's mandate remanding the above-captioned case would issue on February 28, 2013. Although Transocean indicated that it would seek entry of final judgment during a February 28, 2013 telephone scheduling conference, Transocean waited 4 months to file its Motion for Entry of Final Judgment (Dkt. 327).

The Court finds that Transocean does not have adequate justification for this delay and therefore, for the purposes of calculation of interest will deem the entry of final judgment effective February 28, 2013. Beginning on March 1, 2013, interest shall accrue at the rate set forth in 28 U.S.C. § 1961. The weekly average 1-year constant maturity Treasury yield rate as of this effective date is 0.17%.

All relief not expressly granted herein is DENIED.

This is a FINAL JUDGMENT.

SIGNED on this 16th day of September, 2013.

_____
Kenneth M. Hoyt
United States District Judge